UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
DENVER McFADDEN,

                              Plaintiff,

         -against-

CITY OF NEW YORK; BILL DeBLASIO
(MAYOR OF NEW YORK); NEW YORK            19-CV-5508 (VSB)
POLICE DEPARTMENT; JOHN O'LEARY
(NYPD DETECTIVE); STEVEN BYRNE           ORDER OF SERVICE
(NYPD DETECTIVE); WILLIAM
McLAUGHLIN (NYPD OFFICER);
UNKNOWN NYPD POLICE OFFICERS;
BELLEVUE HOSPITAL; NEW YORK
DEPARTMENT OF CORRECTIONS,

                              Defendants.
```

VERNON S. BRODERICK, United States District Judge:

Plaintiff, currently incarcerated in F.C.I. Ashland, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated June 27, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **Bill DeBlasio (Mayor of New York)**

Plaintiff's claims against Bill DeBlasio, Mayor of New York City, must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect

Plaintiff does not allege any facts showing how Defendant Bill DeBlasio was personally involved in the events underlying his claims. Plaintiff's claims against this Defendant are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **New York Police Department (NYPD) and New York Department of Corrections (DOC)**

Plaintiff's claims against the New York City Police Department and the New York City Department of Correction must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Municipal Law Sec. 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

C.  **Bellevue Hospital**

Bellevue Hospital, which is part of New York City Health + Hospitals ("H+H"), is not a suable entity. But H+H has the capacity to be sued under state law. *See* N.Y. Unconsol. L. § 7385(1). In light of Plaintiff's *pro se* status and clear intention to assert claims against H+H, the Court construes the complaint as asserting claims against H+H and directs the Clerk of Court

---

to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

to amend the caption of this action to replace the Bellevue Hospital with H+H. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses H+H may wish to assert.

**D.     Rule 21 of the Federal Rules of Civil Procedure**

Plaintiff alleges that a John/Jane Doe Doctor at Bellevue Hospital failed to examine him and give him adequate medical care for his injuries. Plaintiff alleges further that John Doe Correction Officer 1 and John Doe Correction Officer 2 did nothing after Plaintiff was robbed and beaten in the holding cell, and that they did not offer medical assistance to Plaintiff, who was bleeding and in obvious pain. The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add Doctor John Doe, Bellevue Hospital; John Doe Correction Officer 1; and John Doe Correction Officer 2 as Defendants. This amendment is without prejudice to any defenses that these Defendants may wish to assert.

**E.     Service on the City of New York, John O'Leary (NYPD Detective), Steven Byrne (NYPD Detective), William McLaughlin (NYPD Officer), and H+H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York, John O'Leary (NYPD Detective), Steven Byrne (NYPD Detective), William McLaughlin (NYPD Officer), and H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**F.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify the John Doe correction officers who contributed to the deprivation of Plaintiff's constitutional rights. Plaintiff also supplies sufficient information to permit H+H to identify the John Doe Doctor at Bellevue Hospital who denied Plaintiff adequate medical attention. It is therefore ordered that the New York City Law Department must ascertain the identity of the correction officers who

5

Plaintiff seeks to sue here and the addresses where these Defendants may be served.[3] It is further ordered that H+H must ascertain the identity of the doctor whom Plaintiff seeks to sue here and the address where this doctor may be served. The New York City Law Department and H+H must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on Defendants.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Bill DeBlasio (Mayor of New York), the New York Police Department, and the New York City Department of Corrections. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add Doctor John Doe, Bellevue Hospital; John Doe Correction Officer 1; and John Doe Correction Officer 2 as Defendants under Fed. R. Civ. P. 21.

---

[3] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the City of New York, John O'Leary (NYPD Detective), Steven Byrne (NYPD Detective), William McLaughlin (NYPD Officer), and H+H, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to: (1) the New York City Law Department at: 100 Church Street, New York, New York 10007; and (2) H+H at: 125 Worth Street, New York, New York 10013

An "Amended Complaint" form is attached to this order

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 11, 2019
       New York, New York

Vernon S. Broderick
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, New York 10007

2. John O'Leary (NYPD Detective)
   1 Police Plaza
   New York, New York 10007

3. Steven Byrne (NYPD Detective)
   1 Police Plaza
   New York, New York 10007

4. William McLaughlin (NYPD Officer)
   1 Police Plaza
   New York, New York 10007

5. H+H
   125 Worth Street
   New York, New York 10013