```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
DENVER MCFADDEN,                                         :
                                                         :
                              Plaintiff,                 :
                                                         :    19-cv-5508 (VSB)
              -against-                                  :
                                                         :         **ORDER**
CITY OF NEW YORK, et al.,                                :
                                                         :
                              Defendants.                :
                                                         :
---------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2019

VERNON S. BRODERICK, United States District Judge:

      Plaintiff brings this action against the under 42 U.S.C § 1983, asserting violations of his constitutional rights by the City of New York, New York City Health + Hospitals, several named NYPD officers, a John Doe doctor, and two John Doe correction officers. (*See* Docs. 2, 9.) Generally, he asserts he was arrested and injured by several NYPD police officers (whom he identifies as Steven Byrne, John O'Leary, and William McLaughlin), then taken to Bellevue Hospital, at which a doctor declared him "ok" without conducting an examination. Plaintiff further alleges that he was denied medication for 72 hours, and taken to a facility on Rikers Island, where he was robbed and beaten. When he reported this incident to the intake officers, he alleges, they did nothing. (*see* Doc. 2.)

      On July 11, 2019, I issued an Order of Service that dismissed without prejudice certain of Plaintiff's claims. (Doc. 9.) Because pro se litigants are entitled to assistance from the district court in identifying a defendant, *Valentin v. Dinkins*, 121 F. 3d 72 (2d Cir. 1997), and because it appeared that Plaintiff had supplied sufficient information to identify the John Doe Defendants, I ordered the New York City Law Department to ascertain their identities and service addresses

and provide that information to Plaintiff within sixty (60) days. (*Id.*)

On September 9, 2019, Defendants submitted a letter informing me that they had identified the John Doe doctor as Erick Eiting, M.D., and provided the following service address:

> Erick Eiting, M.D.
> 854 West 181st Street
> Apartment 3D
> New York, NY 10033

In the same letter, Defendants also informed me that they were unable to identify the John Doe Correction Officers because numerous officers were on duty during the date range of the alleged incident, in the area where it occurred. (Doc. 17.) Accordingly, I directed Plaintiff to provide the date and time of the incident along with additional identifying information about the John Doe Correction Officers. (Doc. 18.)

Subsequently, Plaintiff submitted several letters asserting that he had provided the relevant information in his complaint. (Docs. 22–24, 29.) In these letters, he alleged that 1) the Rikers Island incident occurred on April 20, 2017 during the "late evening" shift, 2) that one correction officer was an African American or Latino male of medium build, and 3) that the other correction officer was a female whom he believed was white. (Doc. 23.) Plaintiff also contended that five NYPD officers, not three, initially arrested him, and requested identification of those Defendants. (*Id.*) Plaintiff also informed me that Defendants wanted him to sign a consent and authorization for discovery purposes that he did not wish to sign, and he requested "the [Court's] guidance in this area." (Doc. 29.)

In a letter dated October 29, 2019 and docketed on November 18, 2019, Plaintiff informed me that he had received information from the Civilian Review Board of New York city identifying the officers involved in his arrest on April 19, 2017: Detective William McLaughlin, Detective O'Leary, Detective Peter Lumia, Detective Austin Morange, and Sergeant Al Cantora

Ooal. Plaintiff requested the Court's assistance in serving these individuals.

On November 21, 2019, Defendants submitted a letter stating that they remain unable to identify the John Doe Correction Officers based on the information provided by Plaintiff to date. (Doc. 31.)

Accordingly, it is hereby:

ORDERED that by January 13, 2020, Plaintiff shall file an amended complaint using the attached amended complaint form. The amended complaint shall include the true name of any John Doe Defendant whose identity he has ascertained, such as Dr. Eiting and the NYPD officers he alleges were involved in his arrest. The Court will screen any amended complaint and issue an Order of Service if appropriate.

ORDERED that Defendants are directed to submit a letter by December 20, 2019, providing the following information: 1) what efforts they have undertaken to identify the John Doe Correction Officers; 2) why the information provided by Plaintiff is insufficient to identify the officers; 3) whether there was an intake "station" across from Plaintiff's holding cell on April 20, 2017; and 4) if so, how many officers were on duty at that station during the late evening and night of April 20, 2017.

IT IS FURTHER ORDERED that Plaintiff's request for "guidance" concerning discovery and the consent and authorization he has allegedly been asked to sign is DENIED. Plaintiff is advised that such legal advice falls outside the scope of the ordinary role of a district court in adjudicating a case.

SO ORDERED.

Dated: December 4, 2019
      New York, New York

Vernon S. Broderick
United States District Judge