UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
DENVER MCFADDEN, :
:
                    Plaintiff, :
: 19-CV-5508 (VSB)
     - against - :
: **ORDER OF SERVICE**
:
CITY OF NEW YORK, et al., :
:
                    Defendants. :
:
---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/12/2020

VERNON S. BRODERICK, United States District Judge:

      Plaintiff commenced this action on June 10, 2019, by filing a complaint asserting violations of his constitutional rights by the City of New York (the "City"), various named police officers, including Steven Byrne, various unknown police officers, two John Doe correction officers, a John Doe doctor, and New York City Health and Hospitals. (Doc. 2.) On the same day, he filed a request to proceed in forma pauperis, (Doc. 1). He was granted leave to proceed without prepayment of fees on June 27, 2019. (Doc. 6.)

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the court in effecting service of process. *Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."), *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).

      Accordingly, on July 11, 2019, I issued an Order of Service as to the named defendants, but the United States Marshals Service was unable to serve process on Defendant Steven Byrne at the address provided. (Doc. 11.) On October 15, 2019, the City provided the court with the correct service address for Defendant Byrne. (Doc. 25). The United States Marshals Service

was again unable to serve process on Defendant Steven Byrne at the address provided.[1] On January 8, 2020, the City of New York provided me with a new service address for Defendant Byrne. Since then, Plaintiff has also filed various requests for extensions of time to serve Defendant Byrne and the John Doe officers. (Docs. 35, 36, 37, 39, 40.)

Accordingly, it is hereby:

ORDERED that Plaintiff's request for an extension of time to serve Defendant Byrne is extended *nunc pro tunc* until 90 days after the issuance of the new summons. Plaintiff's request for an extension of time to serve the other Defendants will be addressed in a separate order.

IT IS FURTHER ORDERED that all Defendants named to date shall answer, move, or otherwise respond to the complaint by (30) days after the successful service of Defendant Byrne.

ORDERED that the Clerk of Court is directed to issue a new summons to Defendant Steven Byrne.

IT IS FURTHER ORDERED that to allow Plaintiff to effect service on Defendant Steven Byrne through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Byrne using the address of service attached to this order. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant Byrne.

Plaintiff is advised that it is his responsibility to inquire of the U.S. Marshals Service as to whether service has been made and if necessary, to request an extension of time for service.

---

[1] The City states that it "appears that the U.S. Marshals Service attempted service at the NYC Police Pension Fund located at 233 Broadway, 25th Floor, New York, NY 10279, even though this Office never provided that address." (Doc. 38.) This is incorrect. Per the process receipt and return of service, and a conversation between my chambers and the USMS, the USMS mailed the summons and complaint to 1 Police Plaza, and it was apparently internally transmitted from 1 Police Plaza to the NYC Pension Fund.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If within 90 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: March 12, 2020
      New York, New York

_____
Vernon S. Broderick
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Steven Byrne (Ret. NYPD Detective)
   1 Police Plaza, Room 110C
   New York, New York 10007