```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DENVER MCFADDEN,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :       19-cv-5508 (VSB)
              -against-                                     :
                                                            :             ORDER
CITY OF NEW YORK, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiff brings this action against the under 42 U.S.C § 1983, asserting violations of his constitutional rights by the City of New York (the "City"), New York City Health + Hospitals ("NYC HH"), NYPD Detectives John O'Leary ("O'Leary") and Steven Byrne ("Byrne"), NYPD Officer William McLaughlin ("McLaughlin"), a John Doe doctor, and two John Doe correction officers.  (*See* Docs. 2, 9.)  I issue this Order to resolve several pending issues relating to Plaintiff's attempts to identify and name the John Doe Defendants.

      On July 11, 2019, about one month after the complaint was filed, (Doc. 2), I issued an Order of Service that dismissed without prejudice certain of Plaintiff's claims.  (Doc. 9.) Because pro se litigants are entitled to assistance from the district court in identifying a defendant, *Valentin v. Dinkins*, 121 F. 3d 72 (2d Cir. 1997), and because it appeared that Plaintiff had supplied sufficient information to identify the John Doe Defendants, I ordered the New York City Law Department to ascertain their identities and service addresses and provide that information to Plaintiff within sixty (60) days.  (*Id.*)

      On September 9, 2019, Defendants submitted a letter informing me that they had

identified the John Doe doctor as Erick Eiting, M.D., and provided the following service address:

>Erick Eiting, M.D.
>854 West 181st Street
>Apartment 3D
>New York, NY 10033

In the same letter, Defendants also informed me that they were unable to identify the John Doe Correction Officers because numerous officers were on duty during the date range of the alleged incident, in the area where it occurred.  (Doc. 17.)  Accordingly, I directed Plaintiff to provide the date and time of the incident along with additional identifying information about the John Doe Correction Officers.  (Doc. 18.)  Subsequently, Plaintiff submitted several letters asserting that he had provided the relevant information in his complaint.  (Docs. 22–24, 29.)

On October 15, 2019, the New York City Law Department requested that I "set one single deadline on behalf of all defendants to answer or otherwise respond to the complaint for thirty (30) days after the last defendant is properly served in this matter."  (Doc. 25.)  I granted this request by endorsement the next day.  (Doc. 26.)

In a letter dated October 29, 2019 and docketed on November 18, 2019, Plaintiff informed me that he had received information from the Civilian Review Board of New York city identifying the officers involved in his arrest on April 19, 2017: Detective William McLaughlin, Detective O'Leary, Detective Peter Lumia, Detective Austin Morange, and Sergeant Al Cantora Ooal.  Plaintiff requested the Court's assistance in serving these individuals.

On November 21, 2019, Defendants submitted a letter stating that they remained unable to identify the John Doe Correction Officers based on the information provided by Plaintiff to date.  (Doc. 31.)  On December 4, 2019, I issued an Order that (1) directed Plaintiff to file, by January 13, 2020, any amended complaint naming the John Doe Defendants that he had identified since filing his initial complaint, and (2) directed Defendants to answer certain

questions to allow me to assess their efforts to identify the John Doe Defendants pursuant to my *Valentin* Order. (*Id.*) Defendants filed a letter answering those questions on December 20, 2019. (Doc. 34.)

Since then, Plaintiff has submitted several letters indicating some confusion as to the procedural posture of this case. In these letters, Plaintiff has requested an extension of his time to serve the John Doe Defendants, and states that he had not heard "from the [USMS] with regard to service" nor from the City with regard to identification of the John Doe Defendants. (Docs. 35–36.) He also states that he has been "working with the New York Dept. of Corrections to identify and locate at least three officers to be included in this court action." (Doc. 39.) In the most recent letter, Plaintiff reiterated his belief that Defendants should be able to identify the John Doe Defendants based on the information he has provided, and asked for help serving NYPD Officers "Peter Lumina . . .Austin Morange . . .Al Contara Ooal." (Doc. 40.)

Plaintiff is advised that he has not yet named Lumina, Morange, Ooal, or Eiting as defendants. It is Plaintiff's responsibility to amend his complaint to name these individuals as defendants if he wishes to do so.

Plaintiff is further advised that the New York City Law Department has stated that it is unable to identify the John Doe Correction Officers at this time, and based on their December 20, 2019 letter, I conclude that the efforts the Law Department undertook to identify those officers were reasonable. Plaintiff is free to continue investigating the identity of the John Doe officers through discovery, and may make an application to amend his complaint at such time as he ascertains their identities, subject to any applicable statutes of limitations.

Accordingly, it is hereby:

ORDERED that Plaintiff's request for an extension of time to serve Lumina, Morange,

Ooal, and any John Does is DENIED as moot.

  ORDERED that by April 20, 2020, Plaintiff shall file an amended complaint using the attached amended complaint form.  The amended complaint shall include the true name of any John Doe Defendant whose identity he has ascertained, such as Dr. Eiting and the NYPD officers he alleges were involved in his arrest.  The Court will screen any amended complaint and issue an Order of Service if appropriate.  Plaintiff's naming of any new defendants will not affect the deadline to respond for all Defendants named to date, who shall answer, move, or otherwise respond to the complaint by thirty (30) days after the successful service of Defendant Byrne. (*See* Order of Service docketed concurrently with this Order.)

  The Clerk of Court is respectfully directed to mail a copy of this Order, along with Document 32, to the pro se Plaintiff.

SO ORDERED.

Dated: March 12, 2020
   New York, New York

*[Signature: Vernon Broderick]*
Vernon S. Broderick
United States District Judge