UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENVER MCFADDEN,

                Plaintiff,

v.

CITY OF NEW YORK et al.,

                Defendants.

19 Civ. 5508 (DEH)

**OPINION AND ORDER**

---

DALE E. HO, United States District Judge:

Plaintiff Denver McFadden ("Plaintiff" or "Mr. McFadden") filed this case on June 10, 2019, against Dr. Erick Eiting and NYC Health + Hospitals[1] (the "NYCH+H Defendants"), the City of New York, NYPD Officer William McLaughlin, NYPD Detectives Steven Byrne, John O'Leary, and Peter Lumia[2] (the "City Defendants") (together with the NYCH+H Defendants, "Defendants") as well as NYPD Sergeants Alcantara Odaliza[3] and Sergeant Austin Morange, alleging excessive force and deliberate indifference to medical needs stemming from his arrest on April 19, 2017.[4] Before the Court are Defendants' unopposed motions

---

[1] By Order dated July 11, 2019, Judge Broderick "construe[d] the complaint as asserting claims against [NYC Health + Hospitals] and direct[ed] the Clerk of Court to amend the caption of this action to replace the Bellevue Hospital with" New York City Health + Hospitals. *See* July 11, 2019 Order at 3-4, ECF No. 9. This matter was subsequently reassigned to the undersigned. *See* Oct. 31, 2023 Notice of Reassignment, ECF No. 106.

[2] The case caption incorrectly lists Officer Peter Lumia's last name as "Lumina"; however, the Court adopts the spelling used in the City Defendants' brief. *See* City Defs.' Mem. in Supp. Mot. for Summ. J. ("City Defs.' Mem.") at 1 n.2, ECF No. 142.

[3] The case caption incorrectly lists Sergeant Alcantara Odaliza's name as "Al Cantora Ooal"; however, the Court adopts the spelling used in the City Defendants' brief. *See* City Defs.' Mem. at 17 n.8.

[4] *See generally* Compl., ECF No. 2.

for summary judgment.[5]  For the reasons stated below, Defendants' motions for summary judgment are **GRANTED**.

## BACKGROUND

To the extent the reader seeks background and factual information pertaining to this case, the Court refers the reader to Defendants' Local Civil Rule 56.1 statements,[6] which—because they are unopposed and adequately supported by record citations—the Court adopts in full.[7]

## LEGAL STANDARD

Summary judgment is appropriate when a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[5] *See* ECF Nos. 137, 140.

[6] *See* ECF Nos. 139-17, 141-1.

[7] Pursuant to Local Civil Rule 56.1, a moving party must submit "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(A).  A nonmoving party must then submit "a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). "If the opposing party . . . fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule." *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014).  "A *pro se* litigant is not excused from this rule." *Brandever v. Port Imperial Ferry Corp.*, No. 13 Civ. 2813, 2014 WL 1053774, at *3 (S.D.N.Y. Mar. 13, 2014).  Here, the NYCH+H Defendants and the City Defendants filed Rule 56.1 statements, *see* ECF Nos. 139-17, 141-1, and Mr. McFadden was provided with a Local Civil Rule 56.2 statement notifying him of the potential consequences of not responding to a motion for summary judgment, *see* ECF No. 137-1.  Despite this notice, Mr. McFadden failed to respond to the Defendants' 56.1 statements or their motions for summary judgment.  *See generally* Dkt.  Thus, the Court deems the facts in the Defendants' Rule 56.1 statements uncontested and admissible. *See Brandever*, 2014 WL 1053774, at *2-3 (finding "there [were] no material issues of fact" where the *pro se* plaintiff "failed to submit any facts in opposition to defendant's motion for summary judgment"); *Anand v. N.Y. State Div. of Hous. & Cmty. Renewal*, No. 11 Civ. 9616, 2013 WL 4757837, at *7 (S.D.N.Y. Aug. 29, 2013) (same).

Civ. P. 56(a).[8]  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]  A party opposing summary judgment must establish a genuine issue of fact by citing to specific parts of materials in the record.[10]  In determining whether summary judgment is appropriate, the district court resolves all ambiguities and draws all reasonable inferences in favor of the nonmoving party.[11]

When a summary judgment motion is unopposed, the district court is not relieved of its duty to ensure that the movant is entitled to judgment as a matter of law.[12]  "Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that the moving party is entitled to a judgment as a matter of law."[13]  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."[14]  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving

---

[8] All references to Rules are to the Federal Rules of Civil Procedure unless otherwise stated. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[9] *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).

[10] *See* Fed. R. Civ. P. 56(c)(1)(A).

[11] *See, e.g.*, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

[12] *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).

[13] *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also Vt. Teddy Bear Co., Inc.*, 373 F.3d at 244 ("[W]here the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.").

[14] *Vt. Teddy Bear Co.*, 373 F.3d at 244 (emphasis in original).

party's [Local Civil] Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion."[15]

## DISCUSSION

The Court first addresses the issue of adequate notice to Mr. McFadden,[16] and then considers Defendants' motions for summary judgment separately, starting with the NYCH+H Defendants' motion, *see* ECF No. 137, before moving to the City Defendants' motion, *see* ECF No. 140.

### I. Notice on Summary Judgment to *Pro Se* Litigants

Local Civil Rule 56.2 provides that "[a]ny represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion . . . [a] 'Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment' with the full texts of [Federal Rule of Civil Procedure] 56 and Local Civil Rule 56.1 attached."[17] Technically, the Local Civil Rule imposes the obligation on any represented party moving for summary judgment against a *pro se* party to file a Local Civil Rule 56.2 statement, which the NYCH+H Defendants correctly filed,[18] and which the City Defendants did not. But the Second Circuit has explained that compliance with the Local Rule 56.2 requirement

> should not be understood . . . to set down an unyielding rule prohibiting district courts from acting upon motions for summary judgment sought against *pro se* litigants in the absence of explanatory notice. On the contrary, the issue in each case remains whether from all of the circumstances . . . it is reasonably apparent that the litigant understood the nature of the

---

[15] *Id.*

[16] *See Rivera v. Goulart*, No. 15 Civ. 2197, 2018 WL 4609106, at *3 (S.D.N.Y. Sept. 25, 2018) (explaining that *pro se* plaintiffs must "receive[] proper notice of the nature and consequences of summary judgment").

[17] Local Civ. R. 56.2.

[18] *See* NYCH+H Defs.' Suppl. Notice of Summ. J. Mot. to *Pro Se* Pl., ECF No. 137-1.

adversary's summary judgment motion and the consequences of not properly opposing it.[19] Here, the record is clear that the requisite statement providing Mr. McFadden with notice of his obligation to oppose summary judgment, and the consequences of failing to do so, was filed electronically by the NYCH+H Defendants, whose motion for summary judgment was filed on the same day as the City Defendants' motion. And Mr. McFadden has consented to electronic service.[20] In cases involving two defendants where one files the requisite Local Civil Rule 56.2 statement but the other does not, courts have found adequate notice as to both defendants' motions where the facts are similar to those presented here.[21] The Court therefore finds that the record supports the conclusion that Mr. McFadden received notice of and understood the consequences of failing to oppose the City Defendants' motion for summary judgment. Accordingly, the City Defendants' failure to provide the Local Civil Rule 56.2 statement is not a basis for the Court to deny summary judgment here.

## II. NYCH+H Defendants' Motion for Summary Judgment

Mr. McFadden alleges the NYCH+H Defendants are liable under the Fourteenth Amendment[22] for inadequate medical care he received at Bellevue Hospital following his arrest

---

[19] *Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999).

[20] *See Pro Se* Consent to Receive Elect. Serv., ECF No. 100.

[21] *See Covello v. Depository Tr. Co.*, 212 F. Supp. 2d 109, 116 (E.D.N.Y. 2002) (holding that "the [Local Civil Rule 56.2] statement filed by [one defendant] serves to satisfy the obligation of both defendants," where the summary judgment motion "submitted by the two defendants bear the same date," and so there is "reasonable certainty [that], on or about the date that [the *pro se* plaintiff] received [one defendant's Local Civil] Rule 56.2 Statement, [the *pro se* plaintiff] received the motion by [the other defendant] for summary judgment").

[22] According to the Second Circuit, the "standard for deliberate indifference depends on whether the plaintiff is a pre-trial detainee, in which case the claim arises under the Fourteenth Amendment, or a convicted prisoner, in which case the claim arises under the Eighth Amendment." *Neira v. Cnty. of Nassau*, No. 13 Civ. 7271, 2022 WL 4586045, at *15 n.15 (E.D.N.Y. Sep. 29, 2022) (citing *Darnell v. Pineiro*, 849 F.3d 17, 32-36 (2d Cir. 2017)). Here, the Fourteenth Amendment standard applies because Mr. McFadden was a pre-trial detainee.

on April 19, 2017 (the "April 19 arrest").[23] For the reasons discussed below, the Court finds that the NYCH+H Defendants are entitled to summary judgment, as Mr. McFadden has not established that he suffered a sufficiently serious injury.

### A. Deliberate Indifference

#### 1. Legal Standard for Deliberate Indifference

"To establish a claim based on constitutionally inadequate medical treatment, the plaintiff must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"[24]  "To prevail on a Fourteenth Amendment deliberate indifference claim, a plaintiff must satisfy a two-part test: '(1) that the alleged deprivation of medical treatment posed an unreasonable risk of serious damage to his health, and (2) that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed.'"[25]

"The first part of the test is an objective determination, requiring the plaintiff to demonstrate that 'the inadequacy in medical care is sufficiently serious.'"[26]  "Analyzing this objective requirement involves two inquiries: 'whether the prisoner was actually deprived of adequate medical care,' and 'whether the inadequacy in medical care is sufficiently serious,' which in turn 'requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner.'"[27]  "For a constitutional violation

---

[23] *See* Compl. at 3-4; NYCH+H Defs.' Local Civ. R. 56.1 Statement ¶¶ 2, 12, ECF No.139-17.

[24] *Neira*, 2022 WL 4586045, at *15 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[25] *Id.* (quoting *Adamson v. Miller*, 808 F. App'x 14, 18 (2d Cir. 2020)).

[26] *Id.* at *16 (quoting *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)).

[27] *Id.* (quoting *Salahuddin*, 467 F.3d at 279-80).

to occur based on deliberate indifference to a prisoner's medical need, the deprivation of medical care must be sufficiently serious in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."[28] "If a plaintiff alleges that the prison provided inadequate care—rather than a failure to provide any treatment—the inquiry focuses on 'the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract.'"[29]

"The second component of the deliberate indifference standard, the subjective prong, or *mens rea* prong is defined objectively and requires showing that the defendant 'acted with a sufficiently culpable state of mind'—that is, with at least 'deliberate indifference.'"[30]

2.   Application

Here, Mr. McFadden has not established, as a threshold matter, that "his purported injuries were sufficiently serious to give rise to a deliberate indifference claim."[31]

Mr. McFadden's head was "pushed into a wall" during his April 19 arrest "at approximately 2:30 p.m.," and he later reported that there was "a small amount of bleeding" at the time.[32] In a time-stamped video of his interrogation, which occurred on April 19, 2017, from 4:45 p.m. to 6:42 p.m., Mr. McFadden is initially seen "holding a tissue against the right side of his forehead."[33] The video also shows that Mr. McFadden "last held the tissue against his forehead at

---

[28] *Id.* (quoting *Yancey v. Robertson*, 828 F. App'x 801, 803 (2d Cir. 2020) (summary order)).

[29] *Id.* (quoting *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)).

[30] *Id.* (quoting *Warren v. City of N.Y. Dep't of Corr. Med. Staff*, No. 17 Civ. 1125, 2021 WL 1163105, at *9 (E.D.N.Y. Mar. 26, 2021)).

[31] *Id.* at *16.

[32] NYCH+H Defs.' Local Civ. R. 56.1 Statement ¶¶ 2, 24.

[33] *Id.* ¶¶ 3-4.

5:15 p.m." and that "no bleeding [was] apparent."[34]  Moreover, Mr. McFadden "did not ask for medical assistance at any point during the nearly two-hour interview," during which he can be observed, *inter alia*, conversing "with no speech impediment or slurring," using his arms "with no apparent difficulty controlling" them, and walking "with a normal gait and without any assistance."[35]  Following the interrogation, photographs time-stamped April 19, 2017, at 6:49 p.m. "reveal a small red mark above and slightly to the right of [Mr. McFadden's] right eyebrow," again, with no apparent bleeding.[36]

"It is well established that more than minor discomfort or injury is required in order for a plaintiff to demonstrate a serious medical need."[37]  As such, the record before the Court "does not show that [Mr. McFadden] suffered a sufficiently serious injury as a result of" his April 19 arrest.[38]  Rather, the Court concludes, based on the evidence before it, that Mr. McFadden's minor head abrasion does not amount to a serious medical need sufficient to give rise to a deliberate indifference claim.[39]  In reaching that conclusion, the Court does not mean to minimize the pain or discomfort that Mr. McFadden may have experienced.  But because he has not adduced "facts

---

[34] *Id.* ¶ 4.

[35] *Id.* ¶¶ 5, 6, 9, 10; *see id.* ¶¶ 7-9.

[36] *Id.* ¶ 11.

[37] *Cain v. Jackson*, No. 05 Civ. 3914, 2007 WL 2193997, at *5 (S.D.N.Y. July 27, 2007).

[38] *Neira*, 2022 WL 4586045, at *16 (citing *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (stating that a condition must be a "condition of urgency, one that may produce death, degeneration, or extreme pain" (quoting *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting))).

[39] *See, e.g.*, *Ford v. Phillips*, No. 05 Civ. 6646, 2007 WL 946703, at *12 (S.D.N.Y. Mar. 27, 2007) (finding that "[a]brasions, a minor bruise, slight bleeding and scratches" were "not sufficiently serious to satisfy the objective prong of the deliberate indifference standard"); *Montavon v. Town of Southington,* No. 95 Civ. 1141, 1997 WL 835053, at *4, (D. Conn. Sept. 29, 1997) ("Since there is no indication in the record that plaintiff's bleeding was profuse or that he was experiencing any other conditions, his cuts and scrapes, by themselves, do not constitute serious medical needs.").

substantiating the objective prong of a Fourteenth Amendment claim for deliberate indifference to a serious medical need (i.e., a sufficiently serious injury)," his claims against the NYCH+H Defendants are dismissed.[40]

### B. Municipal Liability

It is well-established that a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[41] Indeed, "[a] municipality cannot be held liable under § 1983 solely on a theory of *respondeat superior*."[42] Rather, a municipality can be held responsible for the acts of its employees only when a municipal policy, custom, or practice resulted in the violation of constitutional rights.[43] To succeed on his *Monell* claim, Mr. McFadden must therefore show that the City had "(1) an official policy or custom that (2) caused him to be subjected to (3) a denial of a constitutional right."[44] To establish causation, a plaintiff must show that the municipal policy was "the moving force of the constitutional violation."[45] In other words, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[46]

Yet, as the NYCH+H Defendants point out, Mr. McFadden has not "even attempt[ed] to allege any facts suggesting that [NYC Health + Hospitals] had a custom or policy of acting with

---

[40] *Pearson v. Gesner*, No. 21 Civ. 5670, 2022 WL 1523166, at *6 (S.D.N.Y. May 13, 2022), *aff'd in part, vacated in part, remanded*, 125 F.4th 400 (2d Cir. 2025).

[41] *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978).

[42] *Picott v. Chatmon*, No. 12 Civ. 7202, 2017 WL 4155375, at *7 (S.D.N.Y. Sept. 18, 2017).

[43] *Id.*

[44] *Torcivia v. Suffolk Cnty., N.Y.*, 17 F.4th 342, 355 (2d Cir. 2021).

[45] *Oklahoma City v. Tuttle*, 471 U.S. 808, 819 (1985).

[46] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

deliberate indifference towards individuals being medically cleared for arraignment following arrest."[47] Accordingly, even assuming *arguendo* that his deliberate indifference claims prevailed, any such constitutional claim against NYC Health + Hospitals must be dismissed because he has failed to adduce sufficient facts to establish municipal liability.

### III.    City Defendants' Motion for Summary Judgment

The City Defendants move for summary judgment as to Mr. McFadden's excessive force and deliberate indifference to medical needs claims.[48] The City Defendants also argue that Defendants Odaliza and Morange must be dismissed pursuant to Rule 4(m).[49] For the reasons set forth below, the Court finds that the City Defendants are entitled to summary judgment on these claims, as Mr. McFadden failed to establish a dispute of fact as to the personal involvement of the City Defendants and failed to establish municipal liability on the part of the City of New York. The Court also finds that Defendants Odaliza and Morange must be dismissed from this matter for failure to comply with Rule 4(m).

####    a.    Personal Involvement

#####        i.    Excessive Force

"The personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983."[50] "A plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional

---

[47] NYCH +H Defs.' Mem. in Supp. Mot. to Dismiss & Summ. J. ("NYCH + H Defs.' Mem.") 11, ECF No. 138.

[48] City Defs.' Mem. at 1.

[49] *See id.* at 17-18.

[50] *Fonville v. Yu*, No. 17 Civ. 7440, 2021 WL 3145930, at *12 (E.D.N.Y. July 26, 2021) (quoting *Acosta v. Thomas*, 837 F. App'x 32, 35 (2d Cir. 2020)).

deprivation."[51]  "As the Second Circuit recently made clear, there is no special rule for supervisory liability, and to find a state official liable under section 1983, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."[52]  "Being in the chain of command is not sufficient to satisfy personal involvement as the violation must be established against the supervisory official *directly*."[53]  In addition, "[p]ersonal involvement for the purposes of a § 1983 excessive force claim can be shown where a police officer directly participates in an assault, or was present during the assault with reasonable opportunity to intercede on plaintiff's behalf yet failed to do so."[54]

In his Complaint, Mr. McFadden alleges that he was first apprehended by two officers but that several other officers subsequently surrounded him.[55]  Mr. McFadden's Complaint is otherwise devoid of any specific allegation as to any of the City Defendants, including Defendants McLaughlin, Byrne, O'Leary, and Lumia.  In his Deposition, however, Mr. McFadden testified that the two officers who initially apprehended him pushed his head into a concrete wall.[56]  But then, when asked about each of these *four* individual City Defendants, he repeated the same conclusory statement that each of them injured him in the same way, stating that that (1) Defendant McLaughlin "injured [him] running [him] into that wall,"[57] (2) Defendant Byrne "injured [him]

---

[51] *Id.* (citing *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

[52] *Id.* (citing *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020)).

[53] *Id.* (citing *Tangreti*, 983 F.3d at 618).

[54] *Espada v. Schneider*, 522 F. Supp. 2d 544, 555 (S.D.N.Y. 2007).

[55] *See* Compl. at 1; McFadden Dep. Tr. 116:24-117:5, ECF No. 141-4; City Defs.' Local Civ. R. 56.1 Statement ¶¶ 4-7, ECF No. 141-1.

[56] City Defs.' Local Civ. R. 56.1 Statement ¶ 5; *see, e.g.*, McFadden Dep. Tr. 88:20-89:4.

[57] McFadden Dep. Tr. 117:6-10.

11

running [him] into that wall,"[58] (3) Defendant O'Leary "hurt[]" him and "injur[ed]" him during the arrest,[59] and (4) Defendant Lumia used "[e]xcessive force in [his] arrest."[60] Courts have held that these sorts of these vague, conclusory assertions about a group of defendants are insufficient to demonstrate their "personal involvement in the excessive force [a plaintiff] alleges."[61] Accordingly, the Court finds that Mr. McFadden has failed to establish a dispute of fact as to the personal involvement necessary to sustain a § 1983 excessive force claim, and that any such claim against the City Defendants must be dismissed.

        ii.        Deliberate Indifference

Again, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"[62] Here, the Court agrees with the City Defendants that Mr. McFadden has not adduced any facts demonstrating the personal involvement of any of the City Defendants in the alleged denial of medical care.[63] In his Complaint, Mr. McFadden alleges he was "held for 72 hours . . . in a holding cell in a NYPD Police Station . . . with no access to [his] medications."[64] He adds

---

[58] *Id.* at 117:15-25.

[59] *Id.* at 118:11-14.

[60] *Id.* at 119:2-4.

[61] *Case v. City of New York*, 233 F. Supp. 3d 372, 398 (S.D.N.Y. 2017); *see also id.* (finding that plaintiff failed to plead personal involvement of several defendants in her alleged excessive force claim); *Rose v. Breuer*, No. 18 Civ. 379, 2024 WL 1642818 at *23-24 (E.D.N.Y. Apr. 16, 2024) ("Plaintiff could not definitively state that [the defendant] was personally involved in the arrest. During his deposition, when asked if [the defendant] was one of the officers involved in the alleged attack, Plaintiff stated, 'all arresting officers, if they was present, they was involved.'").

[62] *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)).

[63] City Defs.' Mem. at 7.

[64] Compl. at 4; *see id.* at 2.

that he "repeatedly asked to be given [his] medications but was denied."[65] But, Mr. McFadden was unable to definitively identify which officers were involved in his arrest,[66] to which officer he allegedly made a request to go to the hospital,[67] and/or which officers denied his requests for his medications.[68]

The Court also agrees with the City Defendants that there is no evidence demonstrating the personal involvement of any of the City Defendants in the medical care Mr. McFadden received.[69] Indeed, the record before the Court, comprised of, *inter alia*, Mr. McFadden's Medical Treatment of Prison Form and his Bellevue Hospital Records, is devoid of any mention of the City Defendants.[70]

Accordingly, the Court finds that Mr. McFadden has failed to plead the personal involvement necessary to sustain a § 1983 deliberate indifference claim. As a result, any such claim against the City Defendants must be dismissed.

### b. Municipal Liability

The City Defendants argue that Mr. McFadden has failed to articulate a claim against the City of New York pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).[71] Here, Mr. McFadden has not advanced any specific allegations against the City of New York, let alone any allegation that a City of New York policy, custom, or practice resulted in the violation

---

[65] *Id*. at 4.

[66] City Defs.' Local Civ. R. 56.1 Statement ¶ 8.

[67] McFadden Dep. Tr. 96:17-21.

[68] *See* Compl. at 2, 4.

[69] City Defs.' Mem. at 7; *see* O'Connor Decl., Exs. E and F, ECF Nos. 141-6, 141-7.

[70] *See* O'Connor Decl., Exs. E and F.

[71] *See* City Defs.' Mem. at 15-16.

13

of constitutional rights. In fact, when asked during his deposition why he was suing the City of New York, Mr. McFadden replied "I'm not sure I am. I'm not sure I could."[72] Mr. McFadden asserts only that "the City of New York is responsible for the behavior of these officers."[73] Such conclusory statements are insufficient to support a *Monell* claim, even in a *pro se* action.[74] Therefore, "[r]egardless of whether [Mr. McFadden's] constitutional claims ultimately succeed, his *Monell* claim is insufficient as he has made no allegations regarding the existence of a policy of custom."[75] Accordingly, the Court grants summary judgment as to Mr. McFadden's claims against the City of New York.

    c.    **Dismissal Pursuant to Rule 4(m)**

The City Defendants argue that Defendants Odaliza and Morange should be dismissed pursuant to Rule 4(m).[76] The Court agrees. Among other things, Rule 4(m) "governs . . . the dismissal of actions for untimely service of process."[77] Specifically, Rule 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[72] McFadden Dep. Tr. 120:6-9.

[73] *Id.* at 120:11-14.

[74] *Santiago v. City of Yonkers Yonkers*, No. 13 Civ. 1077, 2015 WL 6914799, at *4 (S.D.N.Y. Oct. 30, 2015) ("Moreover, conclusory allegations of a municipality's pattern or policy of unconstitutional behavior are insufficient to establish a *Monell* claim, absent evidence to support such an allegation.") (citing *McAllister v. NYC Police Dep't*, 49 F. Supp. 2d 688, 706 (S.D.N.Y. 1999).

[75] *Chepilko v. City of New York*, No. 18 Civ. 2195, 2022 WL 4554961, at *2 (S.D.N.Y. Sept. 29, 2022).

[76] City Defs.' Mem. at 17-18.

[77] *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007).

14

time."[78] However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[79]

The record shows that Mr. McFadden attempted to serve Defendants Odaliza and Morange using the U.S. Marshalls.[80] However, the record does not show that the U.S. Marshals' service attempts were successful.[81] As the City Defendants correctly identify, "it is [Mr. McFadden's] responsibility to inquire of the U.S. Marshals Service as to whether service has been made and if necessary, to request an extension of time for service."[82] Yet, the record is devoid of any indication that Mr. McFadden made any such inquiry with respect to Defendants Odaliza and Morange or sought an any extension of time to serve. In addition, the Court repeatedly informed Mr. McFadden of his responsibilities with respect to effectuating service and warned Mr. McFadden about the potential ramifications of failing to timely effectuate service.[83] Not to mention, Mr. McFadden has not made any attempts to demonstrate good cause for his failure to effectuate service.

---

[78] Fed. R. Civ. P. 4(m).

[79] *Id.*

[80] *See* ECF No. 66.

[81] *Compare* ECF Nos. 12, 13, 14, 15, 47, 87, 88, 91 (showing that service of summons and complaint was executed as to Defendants O'Leary, McLaughlin, Byrne, Lumina, Eiting, NYCH+H, and the City of New York) *with* ECF No. 66 (showing that a summons was issued as to Defendants Odaliza and Morange) *and* ECF Nos. 72 (showing that service was unexecuted as to Defendant Odaliza), ECF No. 74 (explaining that the U.S. Marshalls were unable to serve Defendants Morange).

[82] Oct. 18, 2022 Order at 2, ECF No. 75; *accord Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) ("If a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.").

[83] *See, e.g.*, Sept. 26, 2022 Order at 1, ECF No. 73; Oct. 18, 2022 Order at 2.

Accordingly, the Court dismisses Defendants Odaliza and Morange from this matter pursuant to Rule 4(m), as there is no evidence in the record that service was successfully effectuated as to either Defendant.

**IV.    Remaining Unidentified Defendants**

Finally, Mr. McFadden's Complaint also attempts to assert claims against "Unknown NYPD Police Officers," two John Doe Corrections Officers, and a Doctor John Doe.[84] It is well-established that "[u]sing 'Doe' in place of specifically naming a defendant does not serve to sufficiently identify the defendant."[85] Nonetheless, "[c]ourts typically resist dismissing suits against John Doe defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials."[86] "Where a plaintiff has had ample time to identify a John Doe defendant but gives no indication that he has made any effort to discover the defendant's name, however, the plaintiff simply cannot continue to maintain a suit against the John Doe defendant."[87]

Here, over six years have passed since Mr. McFadden first initiated this action.[88] Moreover, as the City Defendants point out, discovery in this matter began on October 24, 2023, and concluded on December 16, 2024.[89] Yet, nearly a year after the conclusion of discovery, Mr. McFadden has "neither moved to substitute the names of the [NYPD or corrections] officers nor

---

[84] *See* Dkt.

[85] *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) (quoting *Kearse v. Lincoln Hosp.*, No. 07 Civ. 4730, 2009 WL 1706554, at *3 (S.D.N.Y. June 17, 2009).

[86] *Id.* (quoting *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir.1998)).

[87] *Id.* (collecting cases).

[88] *See generally* Dkt. (showing that this case was initiated on June 10, 2019).

[89] *See* City Defs.' Mem. at 19; *see also* ECF Nos. 104, 134.

has indicated that he has learned the identity of the officers."[90]  The same can be said for the Doctor John Doe.  Therefore, at this juncture, the Court determines that dismissal of the "Unknown NYPD Police Officers," the two John Doe Corrections Officers, and the Doctor John Doe is appropriate given Mr. McFadden has failed to identify and serve them, even after the parties completed discovery.

## CONCLUSION

For the foregoing reasons, NYCH+H Defendants' motion for summary judgment is **GRANTED**, and the City Defendants' motion for summary judgment is also **GRANTED**.  The Clerk of Court is respectfully requested to terminate ECF Nos. 137, 140 and close the case.

SO ORDERED.

Dated: September 30, 2025

New York, New York

_____
DALE E. HO
United States District Judge

---

[90] *Neira*, 2022 WL 4586045, at *8.